WILLIAM O. CAMPBELL v. MICAH P. WILSON.

Infancy is a personal privilege, or exemption, and the burden of proof rests on the person setting up the privilege.

Although the entries in a family Bible, are admissible to prove the date of a birth, it is secondary evidence; and its admissibility for such purposes is subject to the general rule, that primary evidence must be adduced, if it can be obtained.

ERROR from Austin. Tried below before the Hon. James H. Bell.

This was a suit by Micah P. Wilson, the defendant in error, against William O. Campbell, the plaintiff in error, on a promissory note for $100. The defendant set up the defence of infancy, alleging, in his answer, that he was under the age of twenty-one years, at the time of the making and delivery of the note sued on.

On the trial, the defendant, in support of his defence, offered in evidence the family record of births, deaths, &c., of the members of his father's family, contained in a Bible, which was produced. John Campbell, a brother of defendant, identified the Bible, as that which had been recognised as such, and as con-

taining the family, since his first recollection; he testified that their father was dead: that he did not know by whom the entries were made; and that the defendant's and witness's mother was alive, and in Austin county.

Under these circumstances, the court refused to permit the entries of births in the Bible, to be read to the jury. Verdict and judgment in favor of the plaintiff, for the amount of the note.

*Hunt & Holland*, for the appellant.

*Frank Lipscomb*, for the appellee.

WHEELER, C. J.—Infancy is a personal privilege, or exemption, and the burden of proof rests on the person setting up the privilege. The assertion of this principle was what was meant, by the charge of the court complained of; and it would doubtless be so understood. There is no reason to apprehend that the jury were misled by the charge.

The entries in the family Bible, offered to prove the date of the defendant's birth, were excluded upon the ground, that there was better evidence accessible, his mother being within reach of the process of the court. In this, there was no error. It has been considered, that these entries stand on the ground of family acknowledgments, and that they are admissible, on account of their publicity, without proof that the entries were made by a member of the family. (1 Phil. Ev. 231, 216, n. 2; 2 Russ. & Mylne, 162.) But when better evidence is shown to be accessible, they are excluded, by the rule that excludes the secondary, when primary evidence can be obtained. When admitted, it is, in general, as the declaration of the persons by whom they were made. But they cannot be received where the father, mother, or other declarant, is present in court, or within reach of process. (1 McCord, 165.) Thus, the mother's entry in the family Bible was held to have been properly rejected, she being in court. (Leg-

gett v. Boyd, 3 Wend. 376.) There is no error in the judgment, and it is affirmed.

Judgment affirmed.

BELL, J., did not sit in this case.