Beck, J.
l. evidence: family records. The assignment of errors covers many' objections to the rulings of the district court. We find it necessai7 to consider only one of them, which, in my op^Qo^ js decisive of the case.
During the progress of the trial, in order to prove the age of the decedent at the time of his death, the deposition of a witness was read to the jury. The witness was asked to state the age of decedent at his death, and, in response to the question, testified, “ that he has examined the family bible and family record of births and deaths of the family of Matthew Macy, father of said Sidney S. Macy, and he has the record now before him, which record is in the handwriting of said Matthew Macy, and that the entry therein of the birth of said Sidney S. Macy is as follows, viz.: ‘Sidney S. Macy, born January 12,-1832;’ and of his death:Sidney S. Macy, died January 8, 1866, on the Dubuque and Sioux City railroad, aged thirty-four years lacking four days.’” Defendant objected to this evidence as incompetent, but the objection was overruled, and the evidence was read to the jury. The fact sought *295 to be proved, namely, the age of decedent at the time of his death was a material fact, necessary to be established in order to enable the jury to assess plaintiff’s damages. No other evidence upon this point was given to the jury.
The evidence is clearly incompetent, upon two grounds. 1. The date of a birth and death of an individual, being matter of pedigree, may be proved by hearsay evidence and general repute in his family, and an entry of a deceased parent, made in a bible, is regarded as a declaration of the parent making the entry and therefore admissible. 1 G-reenl. Ev. § 104; 1 Phil. Ev. (Cow. & Hill’s and Edw. notes) 249-252 and notes.
It will be observed that entries of this character, in order to be competent evidence, must have been made by a deceased parent or relative. This witness in the ease before us does not prove, nor is it otherwise shown, that the father of decedent was dead. Eor this reason the evidence was inadmissible. 2. The evidence introduced was secondary in its character. The family record itself is not offered in evidence, but the witness gives, in his deposition, •a copy thereof, or rather recites in his deposition the contents of the record. It is not such a record that it may be proved by an examined copy but, as all private writings, must be produced. If its absence be properly accounted for, secondary evidence, as a copy or proof of its contents, is admissible. 1 Phil. Ev. (Oow. & Hill’s and Edw. notes) 252 and notes; 1 Greenl. Ev. § 958 and notes..
3.- — objectice.3'pia0 Plaintiff’s counsel insist that the foregoing objection cannot be urged in this court, because the ground upon which it is based is not sufficiently stated in the record as having been made in the court below. Revision, section 3107 requires that, when exceptions are taken to the admission of evidence, the ground of the objection must be stated. In the case before us the record states that the admission of the evidence was excepted to because of incompeteney. This, in our opinion, is suffi *296 dent. It is not necessary that the party objecting should state the reasons of the objection. It is presumed that the point relied upon was brought to the attention of the court and counsel; and this, evidently, is the object of'the statutory provision above cited.
It is argued by plaintiff’s counsel that, as the reasons upon which it is claimed the evidence is incompetent were not given, so that during the examination the objection could have been removed by proper proof, the plaintiff is thereby surprised. But, as we have seen, the objection is sufficient to inform the plaintiff of the ground relied upon, and, as it is claimed by plaintiff’s construction of the record in support of this argument, being made when the deposition was taken, opportunity was given to supply the necessary supporting proof.
The other' objections presented in the argument of defendant’s counsel need not be considered. The instructions given by the court upon motion of plaintiff present rules of law that, in the main, are correct. Those given at the request of defendant are more objectionable; in fact, some of them are positively erroneous, and conflict with those given for plaintiff. It is not a little strange that such contradictory instructions should have been given to the jury. But this conflict and the errors occurring in the instructions, inasmuch as the case must be reversed for the error above pointed out, need not be further considered.
Reversed.