[Crim. No. 224.    Department One.—October 9, 1897.]

THE PEOPLE, Respondent, v. CLIFTON E. MAYNE, Appellant.

CRIMINAL LAW—RAPE—EVIDENCE—DATE OF BIRTH OF FEMALE CHILD—TESTIMONY OF MOTHER—ENTRY IN BIBLE NOT ADMISSIBLE—HEARSAY.—Upon the trial of a defendant accused of rape in having had sexual intercourse with a female child under the age of fourteen years, where the mother of the girl is in court, and has testified to her age, an entry made by the mo'her in a Bible of the date of the girl's birth is not admissible as substantive evidence of that fact. Such testimony is, in its nature, hearsay evidence, and subject to the general rule by which that class of evidence is governed, viz., that the fact sought to be established cannot be otherwise shown, and is incompetent to establish any fact which is susceptible of being proved by witnesses who speak from their own knowledge.

ID.—PEDIGREE NOT INVOLVED.—Although the age of the female child was involved in the issue to be tried, that fact did not constitute it a case of pedigree in which her age could be proved by the written declaration of a third person.

ID.—EVIDENCE IN CASE OF PEDIGREE.—In cases of pedigree it must be shown that the person who made the entry is dead before the evidence will be admissible.

ID.—ALTERATION IN ENTRY—PROVINCE OF COURT— DISCRETION—APPEAL.—
Whether there has been a material alteration in an entry made in
a family Bible is a question to be determined by the court when it
is offered, and before it is presented to the jury; and, where such en-
try is admitted, it must be assumed upon appeal that the court was
satisfied that no material change had been made in the entry, in
the absence of any showing to the contrary, and, its action being
matter of discretion, its ruling upon the question of alteration is
not open to review, unless it is made to appear that its discretion
was abused.

ID.—ORDER REFUSING TO HEAR MOTION TO SET ASIDE ORDER DENYING NEW
TRIAL—JURISDICTION—APPEAL—DISMISSAL.—After appeal from an order
denying a new trial, the subject matter of that order is removed
from the jurisdiction of the superior court, and, while such appeal is
pending, it has no jurisdiction to change such order; nor is an
order refusing to hear a motion to set aside a former order deny-
ing a new trial appealable, and an appeal therefrom must be dis-
missed.

APPEAL from a judgment of the Superior Court of Los An-
geles County, and from an order denying a new trial, and from an
order refusing to hear a motion to set aside the order denying a
new trial.     B. N. Smith, Judge.

The facts are stated in the opinion of the court.

D. K. Trask, W. H. Shinn, J. L. Copeland, W. J. Murphy, and
Van Sciever & Allen, for Appellant.

W. F. Fitzgerald, Attorney General, and W. H. Anderson, As-
sistant Attorney General, for Respondent.

HARRISON, J.—The defendant was convicted of rape in hav-
ing sexual intercourse with a female child under the age of
fourteen years, and has appealed from the judgment of conviction
and from an order denying a new trial.

There was sufficient evidence before the jury to authorize them
to find the fact of sexual intercourse by the defendant with the
child, and that she was at the time under fourteen years of age,
and their verdict thereon is not open to review.

The crime is charged to have been committed March 30, 1895,
and for the purpose of establishing the age of the girl at that
date her mother testified that she was born June 14, 1881. The
prosecution then offered in evidence a Bible, in which was entered
the record of the birth of a girl named Elsie Shipton (the name

of the prosecuting witness) on the 14th of June, 1881. The court admitted the Bible in evidence against the objection of the defendant.

The mother testified that she made the entry of Elsie's birth some time after the girl was born, she thought at some time during that year. There were appearances on the face of the entry that the date had been changed by being written over after it had originally been written, but it does not appear that any other date was originally in the entry, and the mother testified that she had not changed it. Whether there had been a material alteration in the entry was to be determined by the court when it was offered and before it should be presented to the jury. In the absence of any showing to the contrary, we must assume that the court was satisfied that the alteration was immaterial. Like matters addressed to its discretion, its ruling in this respect is not open to review, unless it is made to appear that the discretion was abused.

It does not clearly appear that the book in which the entry was made was a family Bible. There was no direct evidence of this fact, and, although the mother testified that it came into her possession in 1876, it was not shown from whom she received it or in what manner it came into her possession. Nor was it shown that the other persons whose births and deaths were entered therein were members of her family, or that they had the same or similar names. We need not, however, determine whether the character of the book was sufficiently shown (see *Jones v. Jones*, 45 Md. 160), since the court erred upon other grounds in permitting the entry to be read in evidence.

An entry in a family Bible is a written declaration of a fact made out of court, not under the sanction of an oath, or with any opportunity to test its correctness by means of cross-examination. It is but a declaration by the person who made the entry, and is of the same character as any other declaration, whether written or oral. Being made in a book where entries of this nature are often made, it is entitled to greater weight by reason of its formality than would be a similar verbal declaration, but the principles upon which it is received in evidence are the same as govern verbal declarations of the same fact. It is hearsay evidence, and subject

to the general rule by which that class of evidence is governed, that the fact sought to be established cannot be otherwise shown. This rule was formulated by Chief Justice Marshall in *Mima Queen v. Hepburn,* 7 Cranch, 290, in the following terms: "Hearsay evidence is incompetent to establish any specific fact, which fact is in its nature susceptible of being proved by witnesses who speak from their own knowledge." Such evidence is admitted in matters of pedigree, but, as Mr. Greenleaf says (Greenleaf on Evidence, sec. 103): "The rule of admission is restricted to the declarations of deceased persons who were related by blood or marriage to the person." Taylor, in his treatise on Evidence, ninth edition, section 641, says: "Where, however, the declarant is himself alive and capable of being examined his declarations will be rejected"; and in the American notes to this edition it is said: "A familiar form of record is the family Bible. Declarations in such form of facts of pedigree, made by deceased members of the family, are competent evidence of the facts therein stated."       (See, also, *Dupoyster v. Gagani,* 84 Ky. 403; *McCausland v. Fleming,* 83 Pa. St. 36; *Leggett v. Boyd,* 3 Wend. 376; *Greenleaf v. Dubuque etc. R. R. Co.,* 30 Iowa, 301; *Campbell v. Wilson,* 23 Tex. 252; 76 Am. Dec. 67; *Robinson v. Blakely,* 4 Rich. 586; 55 Am. Dec. 703; 1 Phillips on Evidence, *248, *250.) These principles have been incorporated into the provisions relating to evidence in the statutes of this state. In part IV of the Code of Civil Procedure, after declaring the general principles governing the admissibility of evidence, section 1870 declares: "In conformity with the preceding provisions evidence may be given at a trial of the following facts; . . . . 4. The act or declaration, verbal or written, of a deceased person in respect to the relationship, birth, marriage or death of any person related by blood or marriage to such deceased person. . . . . 13. Monuments and inscriptions in public places as evidence of common reputation; and entries in family Bibles or other family books or charts, engravings on rings, family portraits, and the like, as evidence of pedigree."

By the preceding sections, which control the admission of evidence of the facts thus enumerated, and which merely declare the rules of evidence previously existing, the declaration or statement of a third person is admissible only in certain ex-

ceptional cases. The provision in this section permitting evidence to be received of the written declaration of a deceased person in the instances there mentioned makes it evident that the declaration of a living person is not to be received. Neither does the section authorize the admission of a written declaration simply because it is made in a family Bible, unless it is otherwise admissible as a written declaration; and such entry, when admissible, is only to be received "as evidence of pedigree." Although the term "pedigree" includes the facts of birth, marriage, and death, and the times when these events happened (Greenleaf on Evidence, sec. 104), and evidence of these facts is pertinent for the purpose of establishing pedigree, the several facts, or either of them, do not of themselves constitute pedigree, and a case in which the age of an individual is the issue to be determined is not a case of pedigree. "A case is not necessarily a case of pedigree because it may involve questions of birth, parentage, age, or relationship. Where these questions are merely incidental and the judgment will simply establish a debt or a person's liability on a contract, or his proper settlement as a pauper, and things of that nature, the case is not one of pedigree, although questions of marriage, legitimacy, death, or birth are incidentally inquired of." (*Eisenlord v. Clum,* 126 N. Y. 566. See, also, *Haines v. Guthrie,* L. R. 13 Q. B. Div. 818.) In *Leggett v. Boyd, supra,* the defense of infancy was made to an action upon a promissory note, and in support of this defense the family Bible of the parents was offered in which the entry of his birth had been made by his mother; and its exclusion was upheld upon the ground that the person by whom it was made was in court and could have been examined. *Campbell v. Wilson, supra,* was of the same character, and the evidence was excluded because it was shown that the mother was within reach of the process of the court. *Greenleaf v. Dubuque etc. R. R. Co., supra,* was an action to recover damages for negligence in causing the death of a person, and, for the purpose of establishing his age as an element in determining the amount of damages, the plaintiff was allowed to show the date of his birth from an entry in the family Bible. This was held to be error, on the ground that it was not shown that the person who made the entry was dead. In *Robinson v. Blakely,* 4 Rich. 586, 55 Am.

Dec. 703, the family register of births and deaths was held inadmissible to show the age of the plaintiff for the purpose of determining whether the action was barred by the statute of limitations, upon the ground that the father who made the entry was still alive, the court saying: "These entries stand on no higher footing than other declarations, and are entitled to no higher consideration, except that if made at the time the fact occurred they are more reliable." The admissibility in evidence of these facts is limited by Mr. Greenleaf in the section above referred to, to cases where they arise incidentally and in relation to pedigree as follows: "Thus an entry by a deceased parent, or other relative, made in a Bible, family missal, or any other book, or in any document or paper, stating the fact or date of the birth, marriage, or death of a child or other relative, is regarded as the declaration of such parent or relative in a matter of pedigree." Taylor says (Taylor on Evidence, 650): "Entries made by a parent or relation in Bibles, prayer-books, missals, almanacs, or, indeed, in any other book, or in any document or paper, stating the fact and date of the birth, marriage, or death of a child or other relation, are also evidence in pedigree cases as being written declarations of the deceased persons who respectively made them."

The entry in the Bible in the present case was shown to have been made by Mrs. Shipton, and, as she was present in court and had testified to the date of the child's birth, it was not competent for the prosecution to introduce as a piece of substantive evidence in support of this issue her written declaration made several years previously. Nor can it be said that the error was harmless. The evidence was not cumulative, but was of an entirely different character from any other evidence in reference to the child's age, and the jury may well have given it a credit by reason of its formality and apparent authenticity which they would not grant to the living witness who testified respecting the age.

The motion for a new trial was denied, and judgment sentencing the defendant to imprisonment in the state prison rendered and entered November 23, 1895, and on the same day the present appeal was taken from this judgment and order. September 21, 1896, the defendant made a motion to set aside

the order denying his motion for a new trial, and offered to read several affidavits in support of the motion. The court refused to entertain the motion, or to hear or consider the affidavits. From the order thus refusing to hear his application the defendant has taken an appeal. The attorney general has moved to dismiss this appeal. By the appeal from the order denying a new trial the subject matter of that order was removed from the supeperior court, and while the appeal was pending that court had no jurisdiction to change the order. Besides, an order refusing to hear a motion to set aside a former order denying a new trial is not appealable.

The appeal from the order of September 21, 1896, is dismissed. The judgment and order denying a new trial are reversed, and a new trial ordered.

Van Fleet, J., and Beatty, C. J., concurred.