STATE OF IOWA, Appellee, v. MARION TRUSTY, Appellant.

Rape: INDICTMENT: DUPLICITY: ELECTION BETWEEN COUNTS. An
1  indictment in two counts, the first charging the crime of rape committed upon a child under the age of fifteen years, and the second charging the same crime committed upon the same person who is alleged to be naturally imbecile, is not bad for duplicity, and the state cannot be required to elect upon which count it will proceed to trial.

Opening Statement IMPROPER MATTER. Where a prosecuting at-
2  torney, upon an intimation from the court, desists from stating to the jury improper matter, complaint thereof will not be considered in the absence of a showing of bad faith.

Evidence Taken on Notice. The evidence of a witness for the
3  state as to matters of which defendant had notice, is not objectionable because the facts occurred at another time and place than that stated in the notice.

Evidence.   CROSS-EXAMINATION:   OTHER OFFENSES.   A defendant
4   cannot complain of evidence developed by cross-examination of
a witness for the state, nor of evidence of his criminal intim-
acy with the prosecutrix prior to the time charged in the
indictment.

Evidence;   AGE OF PROSECUTRIX.   On a prosecution for rape, evi-
5   dence of statements of relatives of the prosecutrix as to her age,
are inadmissible, where it is not shown that such relatives
cannot be produced as witnesses.

Evidence in Rebuttal.   Certain evidence as to the age of prosecutrix
6   offered in rebuttal for impeachment purposes, held admissible.

Cautionary Instructions:   DRUNKENNESS.   It is not error to refuse
7   special cautionary instructions regarding the charge of rape
where the jury is otherwise fully and properly instructed;
or to ignore the evidence of defendant's' drunkenness where
the same was not treated as a defense upon the trial.

*Appeal from Winnebago District Court.*—HON. JOHN F.
CLYDE, Judge.

TUESDAY, JANUARY 12, 1904.

DEFENDANT was indicted for the crime of rape, com-
mitted, as is alleged, upon his stepdaughter. He was con-
victed of the crime charged, and sentenced to the
penitentiary for the term of twenty years. This appeal
is from the judgment pronounced against him.—*Affirmed.*

*C. A. Nelson* and *Tom H. Milner* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A.
Van Vleck,* Assistant Attorney General, for the State.

DEEMER, C. J.—This is the second time this case has
been before us. The opinion on the first appeal will be
found in 118 Iowa, 498. The indictment is in two counts.
The first charges a rape committed upon a child under the
age of fifteen; and the second, a rape upon the same per-
son, who, it is said, was naturally imbecile, and so weak
of mind as not to understand the nature of the act. This

was undoubtedly done to meet the evidence in the case, and, viewed in this light, it was not objectionable.

Prior to the impaneling of the trial jury, the defendant filed a motion to require the state to elect upon which count of the indictment it would proceed. The motion *1. INDICTMENT: duplicity; election between counts.* was overruled, and this is assigned as error. The ruling was correct. There are two separate sections of the Code relating to the offense of rape. Under the first the defendant was guilty if he carnally knew a female child under the age of fifteen years, and under the second he was guilty if he had carnal knowledge of one who was an idiot, or had such imbecility of mind as to prevent effectual resistance, no matter what her age; but in either case the crime is rape. Indeed, defendant might have been convicted under either count if the state showed that the prosecutrix was so weak of mind as to be incapable of giving consent. *State v. Atherton*, 50 Iowa, 189. The indictment, therefore, was not bad for duplicity, and, as the charge in the two counts relates to the same transaction, there was no error in overruling defendant's motion. *Grimes v. State*, 105 Ala. 86 (17 South. Rep. 184); *Mills v. State*, 52 Ind. 187; *State v. Houx*, 109 Mo. 654 (19 S. W. Rep. 35, 32 Am. St. Rep. 686); *Porath v. State*, 90 Wis. 527 (63 N. W. Rep. 1061, 48 Am. St. Rep. 954). See, also, *State v. Enright*, 90 Iowa, 520; *State v. McPherson*, 9 Iowa, 55; *State v. Baldwin*, 79 Iowa, 715,—which lend support to these conclusions.

II. Complaint is made of some remarks made by the prosecuting attorney in his opening statement of the case to the jury. There is no showing of bad faith, and, as soon *2. OPENING statement: improper matter.* as counsel had an intimation from the court that the matter he was stating would not be admitted in evidence, he immediately desisted, and abstained from further mention of the matter. Some latitude must be given counsel in the opening statement

of a case; and, so long as they act in good faith, believing that the evidence is admissible, we shall not interfere. *State v. Allen*, 100 Iowa, 9, and cases cited.

III.   One Burke, a witness who was not before the grand jury, was a witness for the state.   Notice was given the defendant that his testimony would be adduced upon

3. EVIDENCE taken on notice.

the trial, but it is claimed that defendant was not given notice of the particular matters to which the witness would testify.   This is true only in part.   The witness was examined as to the very matters of which defendant had been given notice, but it appears that they occurred at another time and place from that stated in the notice.   This was not a valid objection to the evidence.   *State v. Harlan*, 98 Iowa, 460; *State v. Craig*, 78 Iowa, 640; *State v. Boomer*, 103 Iowa, 115.

IV.   Frank Barker, a witness for the state, was permitted to testify, over defendant's objections, to a state of facts tending to show that, at a time prior to the com-

4. EVIDENCE: cross-examination; other offenses.

mission of the crime charged in the indictment, defendant had had intercourse with the prosecutrix, and that he was offering her body for unlawful commerce.   The testimony relating to this last matter seems, from the abstract, to have been brought out on cross-examination; and, of course, the defendant cannot complain thereof.   The evidence as to defendant's having had connection with the girl before the time charged in the indictment was admissible under a well-known rule regarding testimony of other transactions than those charged.   When the issue is as to criminal intimacy between persons of the opposite sex, evidence of prior acts of indecent familiarity are competent, as tending to show an antecedent probability.   They have a tendency to show a breaking down of all safeguards of self-respect and modesty, and a general preparation for the offense.   Gillett on Indirect & Collateral Evidence; *Cross v. State*, 138 Ind. 254 (37 N. E. Rep. 790); *Com. v.*

*Bradford,* 126 Mass. 42; *State v. Borie,* 79 Iowa, 605; *State v. Markins,* 95 Ind. 464 (48 Am. Rep. 733); *Proper v. State,* 85 Wis. 615 (55 N. W. Rep. 1055). The *Cross Case* is directly in point.

V. Defendant, when on the witness stand, was asked as to what he had heard the girl's mother, grandfather, and uncle say about her age. Objection to the questions was sustained, and, as we think, properly.

5. EVIDENCE: age of prosecutrix. The mother was a witness in the case, and testified directly as to the girl's age. There was no showing that either the grandfather or uncle was dead, or could not be produced as a witness. As we understand the rule regarding declarations as to pedigree, which, no doubt, also includes age, it must be shown that the declarant is dead, before such evidence is admissible. *People v. Mayne,* 118 Cal. 519 (50 Pac. Rep. 654, 62 Am. Rep. 256); *Mason v. Fuller,* 45 Vt. 29; *Greenleaf v. R. R.* 30 Iowa, 301.

VI. The prosecutrix's mother testified as to the age of the child, giving it as fifteen on November 19, 1900. In rebuttal the state offered the certified copy of a petition signed by the mother, which was presented

6. EVIDENCE in rebuttal. to the courts of Minnesota, in which she stated that the girl was nine years old on the 16th day of March, 1896. Many objections are urged to this, but none of them are tenable. Among other things, it is said: There was no proof of the witness' signature. This was admitted by her. That she was not a party to the proceedings. This was immaterial. That it was not under oath, which is likewise immaterial. And that the Constitution forbids the introduction of this kind of evidence. As the testimony was offered in rebuttal, and for impeaching purposes, there was no error in the rulings relating thereto.

VII. Defendant asked the court to give instructions embodying Lord Hale's statement that such an accusation

is easily made, hard to prove, and harder to be defended 7. CAUTIONARY against by the party accused, though ever so innocent. This the court refused to do. While it might have been given, yet we think, in view of the entire charge, there was no error in denying it. No case has ever been reversed, to our knowledge, because of failure to give such cautionary instructions.

*7. CAUTIONARY instructions: drunkenness.*

Complaint is also made because the court failed to give an instruction with reference to the drunkenness of the defendant. This seems to be an afterthought. No such instruction was asked, and no claim was made upon the trial that defendant was intoxicated. He was a witness in his own behalf, and made no such claim. There was some evidence that he had been drinking, but this came out collaterally, and there was not enough of it to take the case to the jury. The state was not required to negative such a possible condition, and, if defendant did not rely on it in the trial below, he should not now be heard to complain because the court ignored the evidence.

VIII. Several of the instructions are complained of. The argument in support of these complaints presents nothing new, and there is no reason for setting out the charge. It fully and completely covered the issues, and in a clear and comprehensive manner presented the entire case.

The only points which bear discussion are covered by what we have already said with reference to rulings on evidence.

Lastly it is contended that the verdict is without support in the evidence. There is no merit in this claim. The testimony is ample, and, if believed by court and jury, fully warranted the verdict and the judgment based thereon.

There is no prejudicial error in the record, and the judgment is AFFIRMED.