## R. C. SWARTZ v. STATE.

### No. A-876. Opinion Filed January 27, 1912.

#### (120 Pac. 1029.)

1.  RAPE—Harmless Error—Admission of Evidence. In a prosecution for statutory rape, an entry in a family Bible of the date of prosecutrix's birth, made by or at the instance of her parents, is not admissible in evidence where the parents as witnesses have testified from personal knowledge of the date of prosecutrix's birth. Held, that as the record shows there is no substantial conflict in the evidence upon the age issue, the admission of such record does not constitute reversible error.

2.  APPEAL AND ERROR—Harmless Error—Presumption of Prejudice. Prejudice to a plaintiff in error is not presumed from error being made to appear, in the absence of reasonably clear indications that the plaintiff in error was thereby prejudiced upon the merits, or that it tended to his prejudice in respect to a substantial right.

*Appeal from District Court, Kiowa County; James R. Tolbert, Judge.*

R. C. Swartz was convicted of crime, and appeals. Affirmed.

*Thos. W. Conner,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.                    ffl

DOYLE, J. The plaintiff in error was tried and convicted on an information filed in the district court of Kiowa county March 14, 1910, which charged that on November 1, 1909, the defendant did feloniously have sexual intercourse with one Bertha Lempke, a female child under the age of 16 years; she not being the wife of the defendant.

The said Bertha Lempke in her testimony gave a particular history of her relations with the defendant, showing that she first met him at a street carnival in Hobart, some time in July, 1909; that about three weeks thereafter she went buggy riding with him after night, and, when they were a few miles from town, he persuaded her to permit him to have sexual intercourse with her; that this was the first time with the defendant; that two other

men had sexual intercourse with her before this time, and the defendant was not the father of her child; that the defendant traveled for the Western Union Hide Company, and made Hobart once or twice a month; that on these trips to Hobart he had sexual intercourse with her at least five times in Kiowa county up to November, 1909; that, although a married man with a family, he represented himself as a single man, and wrote several letters to her which were introduced in evidence and tended to show the criminal relation existing; that he visited the prosecutrix at her home several times, and went with her to shows; that she was not the wife of the defendant. It was further shown that upon the defendant's arrest he made a voluntary statement admitting that he had had sexual intercourse with the prosecutrix, but denied the paternity of her child. On behalf of the defendant but one witness testified, and he stated that about the time in question he had a conversation with the prosecutrix, and asked her, "How old are you?" and she said, "I will be 18 my next birthday." The prosecutrix in rebuttal denied that she ever made this statement.

The only fact controverted upon the trial was the age of the prosecutrix. Her mother, Mrs. Freda Lempke, testified that her daughter Bertha was born at Hillsboro, Kan., December 30, 1893, and that she was 16 December 30, 1909. She was then asked: "Q. Did you keep a record in the family Bible of the births of your children? A. Yes." She further stated she had two children born to her in Russia before coming to this country in 1892, and Bertha was the third child born; that the record of the births of the children born in Russia were notated on a slip of paper by the preacher of their church in Russia; that, when Bertha was born, another preacher, Rev. Shivers, transcribed this record, together with the date of Bertha's birth, into the family Bible; that in 1902 this Bible was worn out, and a new Bible bought, and another preacher, one Rev. Meiheart, copied the entries from the old Bible into the new Bible.

The state was then permitted, over the objection of the defendant, to introduce in evidence and read to the jury the Bible record of the date of prosecutrix's birth. Her father, August

Lempke, testified substantially the same as his wife. The parents' testimony as to the date of prosecutrix's birth was positive and unshaken by a rigid cross-examination covering the entire family history from the time of their marriage in Russia.

The defendant's counsel insist that it was error to admit the Bible entry in evidence. When other evidence is unavailable, the date and place of a person's birth may be shown by hearsay evidence, or by reputation in the family, and an entry in a family Bible of the date of a person's birth is hearsay evidence and subject to the general rule by which that class of evidence is governed that the fact so sought to be established cannot be otherwise shown.

In the case of *Rowan v. State,* 57 Tex. Cr. R. 625, 124 S. W. 668, 136 Am. St. Rep. 1005, the Court of Criminal Appeals of Texas held that:

"Where, in a prosecution for rape, prosecutrix's mother testified as to prosecutrix's age, evidence of a Bible entry of the date of prosecutrix's birth made by the mother was inadmissible as secondary."

In the case of *State v. Miller,* 71 Kan. 200, 80 Pac. 51, the Supreme Court of Kansas held that:

"An entry in a family record of the age of a child, made by or at the instance of her father, is not admissible in evidence, where he is alive, and is a witness in the case."

See, also, *People v. Mayne,* 118 Cal. 516, 60 Pac. 654, 62 Am. St. Rep. 256. It must be conceded that under the facts in this case the Bible record was incompetent. There was no occasion to invoke the necessity principle, as the best evidence was available and had been introduced in the testimony of the prosecutrix's parents, who testified to the age as a matter of positive recollection and personal knowledge. While the court erred in permitting the Bible record to be read to the jury, nevertheless, in view of the uncontradicted facts in evidence, we do not think its admission was prejudicial to the substantial rights of the defendant. Our criminal procedure act provides that (section 6957, Snyder's Stat.) :

"On an appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

The mandatory language of this wise and beneficent provision precludes this court from reversing judgments of conviction for errors, defects, or irregularities deemed inconsequential in the absence of reasonably clear indications that the plaintiff in error was prejudiced thereby, in that otherwise the verdict might with reasonable probabilities have been different. The public policy in the administration of criminal justice, as declared by this and other similar provisions of our criminal procedure act has from its organization been fully conformed to by this court, not only as an obligation but as a pleasure as well, and the doctrine that, error being made to appear, prejudice will be presumed, has never obtained in this court. In the case of *George v. U. S.*, 1 Okla. Cr. 307, 97 Pac. 1052, which was the first decision rendered by this court, it is said:

"Appellate courts should carefully consider and guard against so construing the law that a proper rule of evidence would be perverted into a means of escape from the merited punishment of an offender."

In *Byers v. Territory*, 1 Okla. Cr. 677, 100 Pac. 261, it is said:

"It is the fixed purpose of this court to carry out the spirit of this statute, and, when a defendant has been properly charged with an offense and fairly tried and the evidence clearly establishes his guilt, this court will not reverse the conviction upon any technicality or exception which did not deprive the defendant of a substantial right."

The public policy of our state in the administration of criminal justice, as declared in section 6957 and section 7142, Snyder's Stat., prescribing that no judgment of conviction shall be reversed except for error prejudicial to the defendant upon the merits, or tending to his prejudice in respect to a substantial right, is not in contravention of the constitutional right to have all issues of fact determined by a jury.

There was no exception taken to the instructions given upon the trial, and no criticism is made upon them in this court.

The remaining assignments of error are as destitute of merit as the final assignment, that the verdict is not supported by the evidence.

Upon a careful examination of the whole case, we are of the opinion that the substantial rights of the defendant have not been affected by any adverse ruling made by the court. There can be no doubt of his guilt of the crime charged, and his escape from punishment would be a miscarriage of justice.

Finding no prejudicial error, the judgment will be affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.