## HENRY CAMPBELL v. STATE.

. No. A-3746.    Opinion Filed May 3, 1922.
(206 Pac. 622.)

(Syllabus.)

1. **Trial—Purpose of Evidence—In Rape Case Evidence of Force to be Considered Only Affecting Prosecutrix's Credibility and to Show that the Act was Committed.** In an action charging statutory rape perpetrated on a female under the age of 16 years, where the abused female and others were permitted to testify in detail that the act may have been accomplished by force and violence and against her will, such evidence should be considered only for the purpose of affecting her credibility as a witness and as tending to show that the sexual act was indeed committed, as charged, and not for the purpose of establishing rape by means of force.

2. **Evidence—Entries in the Family Bible not Primary Evidence of Birth Dates Where Declarants Are Alive.** Memoranda entries in a family Bible, showing the dates of births, marriages, and deaths, where the declarant is alive and in court or within reach of its process, is not primary evidence of such dates. Under such circumstances, the best evidence is the testimony of the father or mother or other declarant.

3. **Evidence—Trial—Jury as Judges of Weight of Evidence—Greater Probative Force May Be Given to Records Than to Witness' Memory.** The jury in the first instance are the sole judges of the weight of the evidence, unhampered by instructions of the court on that subject; but trial judges, where the sufficiency of the evidence is challenged, and this court, where that issue is involved, may, as a matter of law, give greater probative force to record evidence than to the mere recollection and memory of witnesses.

   An enumeration of school children, as provided for by section

4. **Same—School Records of Ages Held Entitled to Greater Probative Force Than Recollection of Acquaintances and Relatives.** 7773, R. L. 1910, and other portions of the school laws of this state, constituting an official public record, when reviewed by a court on the question of the sufficiency of the evidence upon the matter of age, is entitled to greater probative force than the recollection of acquaintances and relatives.

Appeal from District Court, Payne County; Arthur R. Swank, Judge.

Henry Campbell was convicted of rape in the second degree, and sentenced to one year's imprisonment in the state penitentiary, and he appeals. Reversed.

Robert A. Lowry, Lowry & Moore, L. B. Robinson, W. E. Rice, and Henry S. Johnston, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J. Henry Campbell, plaintiff in error, in this opinion referred to as the defendant, was, by information filed in the district court of Payne county on June 7, 1919, charged with statutory rape, committed June 1, 1919, upon the person of Pearl McVey, a female under the age of 16 years. At the trial, on September 8, 1919, the jury rendered a verdict finding the defendant guilty of rape in the second degree, as charged, and assessing his punishment at imprisonment in the state penitentiary for one year. Later a motion for a new trial was filed and overruled, and a judgment in accordance with the verdict was rendered on October 6, 1919. From this judgment and sentence, defendant appeals.

Under the allegations of the information in this case, it was necessary for the state to show that Pearl McVey was under the age of 16 years on June 1, 1919. To support this claim, Andrew McVey, her father, and Cordie McVey, her mother, produced on the witness stand, over the objections of defendant, a family Bible containing a record of births, marriages, and deaths of the McVey family, which was introduced in evidence and marked state's Exhibit D. A portion of this record was as follows: "Pearl McVey, Born June 18, 1903."

According to the testimony of the father and mother, this entry was made in this family record by an uncle in their presence, soon after the birth of the child. This record was introduced over the objections and exceptions of counsel for

defendant, on the ground that the record appeared to have been altered and that it was not the best evidence of the age of Pearl McVey; that at most it was but a memorandum, which could be used only for the purpose of refreshing the recollection of these witnesses.

This Bible exhibit shows that the figure "3" of the date "1903" may have been altered, as it appears to have been written with different ink and a different pen than the other figures, and it appears further that there may have been an erasure at this part of the record.

The defendant introduced an official public record from the office of the county superintendent of public instruction, subscribed and sworn to by Cordie McVey, the mother, showing that Pearl McVey was born on June 18, 1902. Other records of this character made at different times, showing the date of her birth to be June 18, 1902, were called to the attention of the mother. She admitted that such records existed, but denied that they were correct and insisted that her daughter's true age was as it appeared in the family Bible record.

The testimony on the part of the state indicated that the abuse perpetrated upon this female may have been accomplished by force and violence, against her will and utmost resistance, and that she was a girl of previous chaste character; and the jury may have believed this evidence and rendered its verdict upon this theory. But, under the information in this case, charging rape in the second degree, upon a female under the age of 16 years, the questions of whether or not the act was committed against the will of Pearl McVey and whether or not she resisted to the utmost, and whether or not she was a girl of previous chaste character were not at issue.

Memoranda entries in a family Bible, showing the dates of births, marriages, and deaths, where the declarant is alive

and in court or within reach of its process, is not primary evidence of such dates. Under such circumstances, the best evidence is the testimony of the father or mother or other declarant. Swartz v. State, 6 Okla. Cr. 590, 120 Pac. 1029; People v. Mayne, 118 Cal. 516, 50 Pac. 654, 62 Am. St. Rep. 256; People v. Sheppard, 44 Hun (N. Y.) 565; Robinson v. Blakely, 4 Rich. (S. C.) 586, 55 Am. Dec. 703; Campbell v. Wilson, 23 Tex. 252, 76 Am. Dec. 67.

In this case, the testimony given by the mother as to the age of the daughter, at different times and places, was inconsistent and contradictory. At the preliminary examination, she testified that the time intervening between the birth of Pearl McVey and the child next younger was a little less than two years, while, according to the record appearing in the family Bible, the time intervening between these two births was only about eight months.

Where there is a public record kept, as provided by law, as in this case an enumeration of school children, provided for by section 7773, R. L. 1910, and other portions of the school laws of this state, showing the name, sex, and date of birth, such a record as to age, when reviewed by a court on the sufficiency of the evidence, is entitled to greater probative force than the recollection of relatives or other interested persons. Such records are made at a time when there is no reason or temptation to falsify, and are kept in the custody of disinterested officers. In this case duplicate copies were lodged with the county superintendent of public instruction and the county clerk, making subsequent alterations practically impossible. On the contrary, a family Bible is usually found in possession of persons who are interested and who have the opportunity and sometimes the disposition to make alterations to subserve selfish purposes and designs.

We adhere to the often reiterated rule of this court, that the jury are the sole judges of the credibility of the witnesses and the weight of the testimony, and that, in this and all other cases, it would be improper for the trial court to instruct the jury on the weight to be given to any particular testimony introduced, or to instruct the jury as to its probative character as compared with other testimony. However, it becomes necessary for the trial court, in the consideration of a motion for a new trial, attacking the sufficiency of the evidence; and for this court, in passing upon the same issue, to determine the comparative probative force of these two classes of testimony. Subdivision 6, § 5937, R. L. 1910; Graham v. State, 12 Okla. Cr. 84, 152 Pac. 136; Waide v. State, 13 Okla. Cr. 165, 162 Pac. 1139.

Upon the necessary review of this evidence by the trial court, on the motion for a new trial on the ground of the insufficiency of the evidence, and by this court upon the same issue, we hold that the several public records in taking the school census of the district in which Pearl McVey was a pupil, designating the age of Pearl McVey, should control, unless overcome by other evidence of the most convincing character; and that the evidence of the family Bible record, which might tend to impeach these public records in this case, entirely lacks such probative force, for the reason that the Bible record was secondary evidence and appears to have been altered for the purpose of this trial. For the insufficiency of the evidence, a new trial should have been granted by the court below. This principle was well stated in the case of Denoyer v. Ryan (C. C.) 24 Fed. 77, in which the date and legitimacy of a birth were at issue. The court, sitting as a court of equity, held that the public record kept by the parish priest was entitled to greater weight than the declarations of relatives. In commenting upon the law relating to public records in Lower Canada, the court said:

"It was the duty of Antoine Denoyer, when the child was presented for baptism, to declare the date of birth, and the names and occupations, etc., of the father and mother, and it was the duty of the priest to make the entry. The parents, if present, and sponsors were required to sign the record, and if any of them could not sign their names, mention of that fact was required by law to be made in the entry. This record, therefore, raises a presumption that the Isaie who lived with, and was brought up in, the family of Antoine, was his legitimate offspring, and overcomes all the oral evidence of witnesses of the declarations and admissions of Stephen Denoyer and others." Section 5115, R. L. 1910; Bradshaw v. State, 18 Okla. Cr. 619, 197 Pac. 715; Chas. Page et al. v. Sallie Atkins et al., 86 Okla. 290, 208 Pac. 807.

Other assignments of error have been urged in defendant's brief, but need not be noticed here, for the reason that the errors mentioned are decisive of this case.

The cause is therefore reversed and remanded.

DOYLE, P. J., concurs.

MATSON, J., concurs in the conclusion.