F. B. NEEDHAM et al. v. STATE.

No. A-8666.    April 14, 1934.
Rehearing Denied May 4, 1934.
(32 Pac. [2d] 92.)

Jack W. Page and Porter H. Morgan, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiffs in error, F. B. Needham and A. H. Bray, hereafter called defendants, were convicted in the common pleas court of Oklahoma county of the offense of practicing medicine without a license, and, the jury being unable to agree upon the punishment, the same was fixed by the court at fine of $200 each and each ordered committed to the county jail until the fine and costs were paid.

Defendant Needham was not a licensed physician in the state of Oklahoma.   He had for a number of years operated what is known as the Needham Cancer Sanitarium, at Fourth and Western, in Oklahoma City.   Defendant Bray was a licensed practicing physician, in the state of Oklahoma.   The particular charge on which these defendants were convicted was the unlawful treatment of one Mrs. L. L. Marlow for a supposed cancer of the breast.

The testimony of the state shows that both Needham and Bray administered the plaster in the form of a paste

as a treatment to Mrs. Marlow, defendant Needham administering the paste both in the presence of defendant Bray and being assisted by him, and in the absence of Bray but with his knowledge and consent; that Needham and Bray told Mrs. Marlow this paste was a secret formula of defendant Needham's; that when applied to human flesh if there was a cancerous growth it would burn and eat the cancer out, but if there was no cancer the paste would not burn the flesh; that by this method they would determine if she actually had a cancer, and, if she did, they would apply the proper treatment for the same; that at their solicitation Mrs. Marlow finally submitted to the test; that shortly after the test was applied to her left breast a burning sensation set up; that she went back to the sanitarium, and there Needham and Bray told her this test was positive proof that she had cancer, and for an additional fee they gave her additional treatment; that Needham applied the paste and Bray covered the same with tape; that when the treatment became extremely painful they told her to take paregoric every 30 minutes; that on the following Saturday, when the pain became so terribly unbearable, Mrs. Marlow was taken to a hospital, where the doctors removed the paste and the tape and took pictures of the wounds produced on her body by this paste; that these pictures were introduced in evidence and reveal a shocking physical condition; that Taylor Rogers, state chemist, made a chemical analysis of paste similar to that used on Mrs. Marlow and testified that this secret formula of defendant Needham's had a heavy test for zinc, a heavy test for chlorides, and the gummy substance had a high content of zinc chloride; that zinc chlorides have a caustic and erosive action and cause burns and blisters on the human flesh whether cancerous or otherwise.

The theory of the defense was that instead of Bray assisting Needham, Bray was the actual practitioner and that Needham only assisted him in emergencies. Testifying for themselves, they both admitted the only treatment used in the sanitarium was Needham's so-called secret formula; that Needham applied the paste and Bray did the taping in Mrs. Marlow's case; that four treatments were given Mrs. Marlow; that Bray was present for the first two treatments and that Needham alone applied the last two; that they divided the fees received for treatment of all patients, one-third going to Bray and two-thirds to Needham, and the division was usually made when the fee was received; that Bray was employed by Needham to take charge of the sanitarium and conduct the treatments; and that while Needham sometimes assisted Bray, he never acted alone except in emergencies.

Many errors are complained of by defendants, but since their own evidence clearly shows them to be guilty of the offense charged, the cause must be affirmed unless the errors complained of are of such a fundamental nature as to require a reversal.

It is first contended the court erred in his instructions to the jury, in that he left the words "beyond a reasonable doubt" out of several of the important instructions.

An examination of the record discloses the court did give the usual instruction that the state must prove all the material allegations of the information beyond a reasonable doubt. This court has held it is not necessary to repeat the words "beyond a reasonable doubt" in every instruction. Cole v. State, 18 Okla. Cr. 430, 195 Pac. 901; McCarty v. State, 21 Okla. Cr. 365, 207 Pac. 1069; Tate v. State, 45 Okla. Cr. 96, 281 Pac. 820.

Complaint is also made as to other instructions.

The instructions are voluminous and not as clear as they might have been, but they are sufficient to advise the jury as to the law of the case.

It is next contended the court erred by failing in his typewritten instructions taken by the jury to their jury room to instruct as to the defendants' theory of the case.

The record discloses the court instructed the jury upon defendants' theory of the case and is silent as to what instructions were taken by the jury to their room to be considered. The presumption of law is that all of the instructions were considered by the jury.

It is next contended the court erred in refusing to permit defendants to introduce proof that defendant Needham had consulted attorneys, including the county attorney, and been advised by them that if he employed a regular licensed physician to conduct his sanitarium that he would not be violating the law.

The court very properly denied defendants an opportunity to make this proof.

It is well established that an accused cannot prove as a defense that he acted upon the advice of counsel in committing the act complained of, because if such were the law it would be placing the advice of counsel above the law itself. Each person charged with an offense must know what the law is, and he acts at his own peril. Wharton's Criminal Law (11th Ed.) vol. 1, p. 486; Smith v. State, 46 Tex. Cr. R. 267, 81 S. W. 936, 108 Am. St. Rep. 991.

Counsel for defendants admit they cannot find any authorities to support their contention. This is not surprising, since there probably are no such cases.

It is next contended the court erred in making improper remarks in the presence and hearing of the jury, and that the remarks of the court had a tendency to lead the jury to believe the court disbelieved the evidence of defendants.

The remark complained of was improper, but upon objection and motion of counsel for defendants the same was withdrawn and the jury instructed not to consider it. Since under the evidence of defendants they were guilty of the charge, it is apparent defendants were not prejudiced by the same.

The alleged errors complained of in this appeal are controlled by that line of decisions in which this court holds:

"When an error has been committed upon the trial of a case, it is the duty of this court upon an inspection of the entire record to determine whether or not the defendant suffered any material injury from such error. Unless such injury appears, the error will not be ground for reversal." Offitt v. State, 5 Okla. Cr. 49, 113 Pac. 554; Coleman v. State, 6 Okla. Cr. 253, 118 Pac. 594; Swartz v. State, 6 Okla. Cr. 590, 120 Pac. 1029; Hooper v. State, 7 Okla. Cr. 43, 121 Pac. 1087; Ray v. State, 35 Okla. Cr. 322, 250 Pac. 438.

It is apparent from an examination of the entire record, including the defense made, that the errors complained of were not such as to result in any material injury to defendants.

The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.