David Arthur PERKINS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18111.

Court of Criminal Appeals of Oklahoma.

Sept. 19, 1973.

Max Moulton and Jon M. Masters, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Kenneth L. Delashaw, Jr., Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, David Arthur Perkins, hereinafter referred to as defendant was charged, tried, and convicted in the District Court of Oklahoma County, Case No. CRF–70–2118 for the offense of Burglary in the First Degree, his punishment was fixed at ten (10) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Bryan Whitfield, testified that in the early morning hours of July 26, 1970 he and a friend were throwing newspapers on Churchill Way. He observed a gold Cadillac drive up in front of 2105 Churchill Way. An individual, he could not identify jumped out of the car and went up to the house. He heard a "kicking" sound and shortly thereafter heard several shots. He called for his friend to get back into the car and they went to the police department. He observed a woman and a child inside the Cadillac.

Donna Cox testified that on July 26, 1970, she and her children resided at 2105 Churchill Way and that she had been divorced from the defendant for about three (3) years. Prior to retiring for the night she locked the front door, hooked the screen and locked the night latch. Around 4:00 a. m., she, her children and one Charles Cox were asleep in the residence, when she was awakened by the noise of the front door being forced open. The chain on the front door snapped and defendant came into the residence cursing. The defendant had a gun and said he was going to kill that "son-of-a-bitch." She said, "David, what's the matter with you? We're not doing anyting. I'm not even in there." (Tr. 18). She tried to stop defendant, who pushed her aside and struck her a couple of times. The defendant went to the bedroom where Cox was sleeping and shot him. The defendant fired two shots then turned on the lights and shot Cox again. She screamed and called to the defendant's wife to come in and help. The defendant jerked the telephone out of the wall, made additional threats and ran out the door. She observed defendant's pregnant wife standing at the door as defendant left. She testified that Cox had been living with her off and on for approximately five (5) to six (6) months and that they were now married.

Lieutenant Bill Foster of the Village Police Department testified that he went to the residence at approximately 4:09 a. m., to investigate a call of a reported shooting. Upon arrival he was admitted by Mrs. Cox, and observed the door facing and latch on the screen door had been torn off. She led him to a bedroom where he observed Charles Cox lying on the bed with a head wound, and wounds to the left arm and back of the left shoulder.

For the defense, Glenda Perkins, defendant's wife testified that she and her six year old daughter were with the defendant on the morning in question, and that she drove defendant's car to 2105 Churchill. The defendant went up to the house, opened the screen and knocked on the wooden door. The porch light came on, the door was opened and defendant stepped inside. After about one minute she got out of the car and went up to the front porch,

observing that the front door was still open. The defendant's ex-wife opened the front door the rest of the way, and she entered the residence. The defendant said to her "come on lets go" and they both went back outside and returned home. She testified that defendant did not have a gun and that she did not hear any gun shots.

In rebuttal, Edward Bearden testified that he resided at 2104 Churchill Way which is directly across the street from 2105 Churchill Way. At approximately 4:00 a. m. on the morning in question he was awakened by a noise that sounded like some shots. He got out of bed, went to the front of the house and observed a car in front of his house with motor running. He observed a pregnant female get out of the car and walk across the street to 2105 Churchill. He went back to the bedroom to awaken his wife and when he returned to the window the car took off. He continued looking across the street and in approximately five (5) minutes the porch light was turned on. He went across the street shortly thereafter, and observed that the door jamb was laying on the floor and the door had been burst open.

■ The first proposition asserts that defendant was denied due process of law through error of the trial in permitting the introduction of incompetent, irrevelant, immaterial, and improper evidence, which was material and fundamentally prejudicial to the rights of the defendant. The defendant argues that the evidence presented by the State was geared primarily not toward proving he had wrongfully entered the house, but to prejudice the jury with evidence of inflammatory nature by showing a man had been shot, the details of that shooting and the resulting injuries. We are of the opinion that the evidence of the shooting was properly admitted as tending to prove one of the essential elements with which the defendant was charged. Title 21 O.S. § 1431 provides in part as follows:

"Every person who breaks into and enters in the night time the dwelling house of another, in which there is at the time some human being, *with intent to commit some crime therein,* either . . ." (Emphasis added)

The information in the instant case alleges that the defendant broke and entered the residence of Donald E. Perkins with the intent to "shoot Charles Cox." It was thus incumbent on the State to prove that the defendant entered the dwelling with the intent to shoot Cox. We therefore find this proposition to be without merit.

■ The second proposition contends that the trial court erred by failure to instruct the jury of limitations and restrictions that should be given to evidence of another crime and that such evidence should only be considered for the sole and only purpose of determining whether or not the defendant is guilty of the specific crime charged and for no other purpose. We observe that the record clearly reflects that the defendant did not object to any of the Court's instructions nor did he offer any instructions for the Court's consideration. The record reflects the following transpired:

"THE COURT: All right; the objection will be overruled.

"MR. COOPER: All right; let the record show that I have reviewed the instructions of the Court has proposed to give the jury and that I have no requested instructions to offer nor any objections to the instructions which the Court intends to give to the jury. Further that I have reviewed the forms of verdict and have no objections to the form of verdicts which the Court purports—I'm sorry. Which the Court intends to submit to the jury in this case.

"THE COURT: All right; thank you, Mr. Cooper." (Tr. 76).

In Kidd v. State, Okl.Cr., 462 P.2d 281, we stated:

"Defendant also contends the trial court erred in his instructions to the jury, but we find no merit to this contention as the record is void of any objections or

exceptions taken to the instructions by the defendant and this Court has consistently held it is the duty of counsel, as an officer of the Court, to aid the Court to avoid error by objecting to improper instructions and submitting one to be given. In this case, counsel did neither, and cannot now be heard to complain."

 The third proposition asserts that the trial court erred in allowing the introduction of evidence showing the bad character of defendant when defendant had not placed his character in issue. This proposition is well taken. The record reflects that during direct examination of Donna Cox, the following transpired:

"Q. Had you seen—how long were you married to David Arthur Perkins?

"A. Ten years, a little over ten years.

"Q. Did you ever see him exhibit violence of this nature before?

"MR. COOPER: Objection, Your Honor. That question is too broad.

"THE COURT: Overruled.

"THE WITNESS: He was a very violent man during the time we were married. And after we were married and after we were divorced."

In Edwards v. State, 85 Okl.Cr. 125, 186 P.2d 333, the Court stated:

"It is a fundamental principle of criminal law that the character of a defendant cannot be impeached or attacked by the State unless he puts his character in issue by introducing evidence of good character."

We are of the opinion that the trial court should have sustained defendant's objection; however, in view of the overwhelming evidence of defendant's guilt, that the same does not constitute reversible error. In Needham v. State, 55 Okl.Cr. 430, 32 P.2d 92 we stated in the third Syllabi:

"When an error has been committed in the trial court, it is the duty of this court, on an inspection of the entire record, to determine if defendant suffered any material injury from such er-ror. Unless such injury appears the error will not be ground for reversal."

 The final proposition contends that the accumulation of errors and irregularities deprived defendant of a fair trial and denied him due process of law. For the reasons stated in the preceding propositions we are of the opinion that this proposition is without merit. In conclusion we observe that because of the improper introduction of evidence showing bad character of the defendant, justice would best be served by modifying the judgment and sentence to a term of seven (7) years imprisonment and as so modified, the judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.