## OSCAR KNOX v. STATE.

No. A-5619. Opinion Filed May 22, 1926.
(246 Pac. 665.)

Rummons & Hughes, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. On information charging that in Kiowa county, October 26, 1924, Oscar Knox and Earnest Knox did then and there unlawfully use a distillery for the purpose of manufacturing whisky they were convicted. Motion for new trial was duly filed and granted as to the defendant Earnest Knox and in accordance with the verdict of the jury appellant Oscar Knox was sentenced to pay a fine of $375 and be confined in jail for 65 days.

From the judgment he appeals, and assigns as error that the court erred in giving an instruction which assumed that appellant admitted his guilt and left for the jury the question of punishment.

It appears from the evidence for the state that appellant was apprehended manufacturing whisky; that he was standing by the still which was in operation, several barrels of mash and several gallons of whisky near by.

The defense interposed by Earnest Knox, a minor, was that he was there visiting his brother to borrow a buggy.

Appellant Oscar Knox testified that the still belonged to him, and that he alone was operating it; that the grasshoppers had eaten up his crop and he had started to manufacture 14 barrels of mash into whisky, and had just

run off one barrel when the officers appeared and arrested him; that his codefendant had no interest whatever in the liquor deal; that he had arrived just before the officers to tell him that his wife was going to his father's and that he would bring her back the next day.

While the instruction given by the court was error, nevertheless, in view of appellant's testimony as a witness in his own behalf, we do not think the error was prejudicial to his substantial rights.

Our Criminal Procedure Act provides that:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." Section 2822, C. S. 1921.

The mandatory language of this wise and beneficent provision precludes this court from reversing judgments of conviction for errors, defects, or irregularities deemed inconsequential, in the absence of reasonably clear indications that the plaintiff in error was prejudiced thereby, in that otherwise the verdict might with reasonable probabilities have been different. The public policy in the administration of criminal justice as declared by this and other similar provisions of our Criminal Procedure Act has from its organization been fully conformed to by this court, not only as an obligation but as a pleasure as well, and the doctrine that, error being made to appear, prejudice will be presumed, has never obtained in this court. George v. U. S., 1 Okla. Cr. 307, 97 P. 1052, 100 P. 46; Byers v. Territory, 1 Okla. Cr. 677, 100 P. 261, 103 P. 532; Swartz v. State, 6 Okla. Cr. 590, 120 P. 1029.

A careful examination of the evidence satisfies us that plaintiff in error had a fair trial and was properly convicted.

The judgment appealed from is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.