Clarence William STARNS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12308.

Criminal Court of Appeals of Oklahoma.
April 25, 1956.

**422**

Fred Cunningham, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Clarence William Starns, defendant below, was charged by information in the County Court of Kiowa County, Oklahoma, with having on July 2, 1955, committed the offense of operating a motor vehicle upon a public highway near the town of Lone Wolf, Oklahoma, while under the influence of intoxicating liquor in violation of 47 O.S.1951 § 93, all of which things occurred in the aforesaid county and state. The defendant was tried by a jury, convicted, sentenced to a fine of $125 and imprisonment in the county jail for 15 days. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

Briefly, the facts herein, are disclosed by the following witnesses: Frank Leslie, Jr., a member of the Air Force stationed at Altus AFB; Edward M. Preece, also an airman stationed at Altus; Ed Killingsworth, Deputy Sheriff of Kiowa County; Fred White, City Marshal of Snyder, Oklahoma; and Curtis Nunnley, a resident of Snyder, Oklahoma. All the witnesses testified in chief, in varying descriptive terms but in substance, that the defendant was drunk, either as evidenced by the manner of his driving, in a weaving manner across the center line and off the pavement, his flushed face, or his thick tongue. Particularly, Officer Killingsworth testified that he had difficulty in stopping him and when he tried to get to his side, the defendant would pull over to the officer's side and attempt to run him off the highway; that when he finally got the defendant's car stopped, he asked him to get out and the defendant refused to do so and offered resistance. Finally he put the handcuffs on him and took him to the city jail. Based upon his experience as an officer, he said that Starns was drunk as evidenced by conditions hereinbefore set forth, and in addition thereto, the fact that he had to drag him along. He testified the defendant smelled of both beer and other intoxicating liquor. He stated positively that Starns was drunk. On cross-examination it was sought to be established that a black jack had been used on the defendant, as a result of which he had an abrasion near one of his eyes. Witnesses who were present at the time of the arrest denied that a black jack was used on the defendant.

The defendant's defense was offered to the effect that the reason his automobile weaved across the highway was because his left front wheel was out of line, which

made the car pull to the left. He denied being drunk but he admitted that he did have an altercation with the two airmen from Altus. He testified that in the vicinity of Lugert, Oklahoma, they passed him and threw a firecracker in his automobile then occupied by his wife and two children. He said he was so incensed by their conduct that he pursued them (the record discloses up to 95 miles-per-hour) finally overtaking them. He got out of his automobile and challenged them to a fight. When they refused to accept the challenge, he broke their windshield with a hammer which he held in his hand. The defendant admitted that after the altercation with the two airmen, he stopped at a beer parlor near Hobart, Oklahoma, and drank two bottles of beer.

On cross-examination, the defendant admitted that he had been arrested on October 30, 1954, in Hollis, Oklahoma, and pled guilty to a charge of reckless driving. He denied that at that time he was intoxicated. He further admitted that on October 11, 1954, he pled guilty to a charge of reckless driving at Altus, Oklahoma, but likewise denied he was intoxicated.

The defendant offered Mrs. Starns in his defense. She testified to the firecracker incident and that her husband chased the airmen, apparently with the intention of giving them a whipping; that after the incident, he was arrested just outside of Snyder; and that her husband was hit over the head with a black jack. She testified that one of the wheels was out of line and that the car pulled to the right. She apparently had a black eye at the time of the arrest. She denied, however, telling Officer Killingsworth that her husband had beat her up a few days before. She explained her black eye by saying she stepped on her daughter's teddy bear and fell against the sewing machine. Prior to the arrest at Snyder of her husband, she admitted she had a can of beer but denied she was drunk. She admitted that on October 12, 1954, she pled guilty to a charge of driving while under the influence of intoxicating liquor in the County Court of Jackson County, Oklahoma. She explained that she had had four cans of

beer that day, hit a pickup, and the officers called it drunk driving.

The record discloses that after the altercation with the defendant, the airmen proceeded into Hobart, where they reported the incident with the defendant and his drunken condition, which resulted in his arrest near Snyder. Both the airmen denied the firecracker incident. They testified they observed he was weaving across the highway and was following them so closely that they determined to get away and speeded up but could not outdistance the defendant.

In rebuttal, Ed Killingsworth testified that on July 2, 1955, the defendant was arrested in company with his wife and two small children; that Mrs. Starns was "pretty drunk" and the reason he did not arrest her was because she had the two children with her. He testified that he inquired as to the condition of Mrs. Starn's face, and related she said that she got that in a fuss with her husband the night before.

■ There is present herewith, a sharp conflict of the evidence; in such cases, this court has repeatedly held:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, Criminal Court of Appeals will not interfere with verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts."

Holman v. State, 97 Okl.Cr. 279, 262 P.2d 456, 459.

■ The trial court, therefore, did not commit reversible error in overruling and denying the defendant's motion for a new trial for insufficiency of the evidence.

In this connection, it is urged that it is not unusual for boys and young men to shoot firecrackers several days prior to July 4, and we readily agree that while such a conclusion may be verified any time around the Fourth of July, that the same does not constitute a valid defense against the

charge herein laid; that of operating a motor vehicle while under the influence of intoxicating liquor. It is not for this court to weigh the evidence since that is within the sole and exclusive province of the jury, and they have found the issues, on the weight of the evidence, against the defendant, which is binding on the appellate court. :

■■■ Next, the defendant urges that the trial court committed error in admitting incompetent, irrelevant, and immaterial evidence into the record. This pertains particularly to the testimony of Mrs. Starns concerning her conviction of drunk driving, which she readily admitted. It was not error to permit this examination, since the trial court properly limited it for the purpose of determining the credibility of the witness. A witness may be asked, for the purpose of affecting his credibility, if he has been convicted of a crime which involves want of moral character. Drunk driving would be such an offense. Queen v. State, 23 Okl.Cr. 146, 212 P. 1021. It is further complained that the court permitted extensive delineation of the details thereof, but we do not find the record supports this assertion.

It is further urged that the county attorney asked, on re-cross-examination of W. H. Oliver, questions which insinuated that he had made inconsistent statements to Erwin Heidebrecht, which the county attorney did not follow up with proof.

The record discloses in this connection, that Mr. Oliver was asked in substance if he did not tell Officer Heidebrecht that he saw William Starns at 1:00 p. m. on July 2, to which the reply was he would not definitely state that that was the time Oliver stated. The question was then asked if he told Officer Heidebrecht he was up here to appear in this case. On further re-cross-examination, the county attorney insisted that such conversation had taken place. When Officer Heidebrecht was offered in rebuttal, no interrogation was had concerning this matter.

■■■ Under the authority of Kizer v. State, 67 Okl.Cr. 16, 93 P.2d 58, it is error on cross-examination to ask impeaching questions of defense witnesses which have as their purpose the intimation of something to the jury that is either not true or not capable of being proved, if true. This error, however, was not preserved in the record by proper objection and therefore cannot be raised on appeal.

■■■ The defendant's complaint with reference to this incompetent and irrelevant evidence falls within the harmless error doctrine, 22 O.S.1951 § 1068, whereunder it has been repeatedly held:

"A judgment of conviction will not be reversed on the ground of improper admission or exclusion of evidence unless, after an examination of the entire record, it appears that there has probably been a miscarriage of justice or a substantial violation of some constitutional or statutory right of the defendant."

Holman v. State, supra; Jackson v. State, 77 Okl.Cr. 160, 140 P.2d 606.

It appears from the record, herein, that Mr. Fred Cunningham was appointed by the trial court to represent the defendant. He deserves the highest commendation for his efforts on behalf of the defendant; but, in face of the record as a whole, we are compelled under the law to find the issues herein raised, against the defendant.

Affirmed.

POWELL, J., concurs.

JONES, P. J., not participating.