Paul Buster McNATT, Plaintiff in Error,

v.

STATE of Oklahoma, Juvenile Court, G. A. Evans, Juvenile Court Counselor, Tulsa County, State of Oklahoma, Defendants in Error.

No. 38050.

Supreme Court of Oklahoma.

Oct. 7, 1958.

Earl K. Howe, Tulsa, for plaintiff in error.

J. Howard Edmondson, County Atty. of Tulsa County, by Ted Flanagan, Asst. County Atty., Tulsa, for defendant in error.

PER CURIAM.

A counselor of the Juvenile Court of Tulsa County filed the petition in this case in that court seeking an adjudication that Lonnie Blaine, Tony Lee, Joyce Ann, Cecil Ray and Reba Jane McNatt were dependent and neglected and should become wards of the court. After a hearing upon that petition, the Juvenile Court concluded that the children were dependent and neglected and ordered that they be made wards of the court in the custody of the petitioner, with the right in him to plan for their future welfare, and consent to their adop- -

tion. The rights of the natural parents were terminated by the court. The district court affirmed that order on appeal and trial de novo, and the father has appealed to this court. The only question presented is the sufficiency of the evidence to sustain the judgment. These parents also have four other children who are now adults or are too old to be involved in these proceedings.

In 1954, the parents of these children were divorced and the custody of their children was awarded to the mother. Two subsequent applications by the father to modify that decree and secure custody of the children have been denied. The mother remarried shortly after the divorce. A fair summary of the evidence concerning her conduct toward these children is that her excessive use of alcohol and neglect of her children's moral and personal needs amply sustains the court's decision insofar as maternal responsibilities are concerned. We do not believe it is necessary to specifically relate the distressing incidents contained in the record.

The father's occupation is of a nature that requires him to travel about and be absent from his residence much of the time. He acknowledged in his testimony that he could not care for the children himself. On the week ends and other occasions when he was in Tulsa, appellant has shown an interest in the welfare of his children and an affection for them. During school he has arranged for them to have hot lunches when the mother failed to provide for them. However, there is other evidence in the record which tends to establish that the father did not provide for the children by paying the money which the district court, in the divorce action, ordered him to pay to their mother for their use. There is also evidence that he failed to support the children while they were residing with his sister, to whom he had taken them on an occasion when the mother left the home for several months. Further than this, there is undisputed evidence that he has taken these young children with him, on several occasions, to a hotel where he was spending the evening with a woman to whom he was not married. Likewise, he visited these children at his sister's home with this woman, of which his sister so strongly disapproved that she required them to sleep away from her home. His explanation was that this "girl was more trouble to get shed of than she was to keep." This "girl" is thirty years his junior and he does not intend to marry her. There is also other evidence of sexual promiscuity. The counselor for the juvenile court, a graduate sociologist and psychologist, testified that it would not be for the best interests of these children for them to be returned to either of their parents.

Our statute provides that a dependent or neglected child is one under sixteen years of age who does not have "the proper parental care or guardianship; * * * or whose home by reason of neglect, cruelty or depravity on the part of its parents," is an "unfit" place for the child. Tit. 10 O.S.1951 sec. 101. The juvenile court has jurisdiction, upon a determination of the fact that a child is dependent or neglected, to enter the order which was entered in this case. Tit. 20 O.S.1951 secs. 773, 822, 823. We have carefully considered this record. It is true that there is evidence which is favorable to the father and tends to sustain his position. However, the trial court was able to hear and see the witnesses (some of whose testimony was contradicted by other facts and circumstances) and was in a better position to be able to give to all the evidence its proper weight. For this reason, its judgment on a trial de novo in an appeal from the juvenile court will not be disturbed where it is not established that the judgment is against the clear weight of all the evidence. In re Davis, 206 Okl. 405, 244 P.2d 555. This father's admitted immoral association, in the presence of these children, with an unmarried girl no older than some of his own children cannot be ignored in a determination of this nature. This, coupled with the evidence tending to establish his failure to provide for their financial support, convinces us that the trial court's judgment determining

them to be dependent and neglected, as those terms are defined in the statute, is not against the clear weight of the evidence. See, In re Reed, 189 Okl. 389, 117 P.2d 503. The case of In re Rhyne, Okl., 318 P.2d 448, is not contrary to our conclusion here. In that action we held that the failure of one parent to fulfill his duties did not make the divorced parent's children in the mother's custody dependent or neglected, where the mother was providing for her children. In the instant action, the trial court properly found that both parents had failed to perform their duty to these children.

Judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.