**Riley Mitchell JONES, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14409.**

Court of Criminal Appeals of Oklahoma.

May 21, 1969.

Jay D. Dalton, Public Defender for Appeals, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in Error hereinafter referred to as defendant, was convicted on the 17th day of March, 1967, for the crime of unauthorized use of a Motor Vehicle after former conviction of a felony and his punishment was fixed at six years in the State Penitentiary.

The defendant's Motion for New Trial alleges 19 assignments of error. The defendant's Petition in Error alleges 19 assignments of error, but his brief offers argument and authority under only two propositions. It is not necessary to detail the facts of this case in that the jury chose not to believe defendant's alibi, and consequently the facts presented were sufficient to sustain the jury's verdict.

■ Defendant's first proposition alleges that the trial court abused its discretion in denying his motion for continuance on grounds that a material witness was unavailable. The record reflects that defense counsel stated that he became aware of the purported witness on the day he entered his motion, and that his testimony was material to defendant's case. However, there was no showing how the testimony of the witness was material to defendant's case. In his brief defendant's counsel states that the witness would have testified that he committed the crime and not the defendant, but at the time of his motion no such indication was made by defendant, or his trial counsel. Had such information been provided the trial judge, it might have influenced him; but under the circumstances reflected in the record we fail to see how the trial judge otherwise abused his discretion. The absence of information coupled with the lack of diligence on the part of defendant in securing the presence of the witness supports the discretion exercised by the judge, when he denied the motion for continuance. In short, defendant failed to make a clear case for justification of his request for continuance. We therefore adhere to the rule stated by this Court in Thacker v. State, Okl.Cr., 309 P.2d 306 (1957), as follows:

"An application for continuance on account of the absence of an alleged material witness is addressed to the sound discretion of a trial court and unless an abuse of discretion is shown the judgment will not be reversed." See also: Lane v. State, 65 Okl.Cr. 192, 84 P.2d 807; Jackson v. State, 77 Okl.Cr. 160, 140 P.2d 606.

Defendant's second proposition contends that irregular proceedings occurred; and misconduct of the trial judge, whereby certain statements were made in the presence of the jury, prevented defendant from receiving a fair trial. We observe from the record that defense counsel opened the door for the Judge's interrogation which is the basis for this complaint, when he commenced to inquire of defendant, on the witness stand, concerning his previous trials in Tulsa County. Defense Counsel's limited inquiry required the trial judge to set the record straight, as to what actually transpired. The jury was entitled to know the whole truth of the matter brought out by defense counsel.

■ While answering questions put to him by his defense counsel, defendant stated that he had not been treated fairly by his former attorneys, as well as by the District Court—and more specifically by the judge trying the instant case. Consequently, it was incumbent upon the judge to reach the whole truth of the matter by means of his own interrogation of the witness. The result of his interrogation reached the whole truth of defendant's previous trials in the Tulsa County District Court, instead of leaving only the defendant's point of view for the benefit of the jury. This Court recited in Henderson v. State, Okl.Cr., 385 P.2d 930 (1963):

"A trial judge has the right, in the exercise of his discretion, to ask of any witness such questions as will tend to elicit the truth, and so long as the judge

does not, by his questions or conduct, indicate his views as to the matters at issue, a defendant will not be heard to complain of any question asked by him which is reasonably calculated to elicit the truth."

In the instant case the trial judge properly questioned the defendant in the matter concerned. We thereby deny defendant's second proposition cited as error.

With the Court's permission, defendant was permitted to file a supplemental brief which contains one assignment of error. Defendant states: "That the court erred in allowing into evidence certain District Court Informations in an attempt by the State to prove the after former convictions of this defendant, that the court erred in allowing into evidence against defendant's objection, the Oregon judgment and sentence which did not completely set forth the defendant's true name."

In support of this proposition, concerning the second stage of defendant's trial proving his former convictions, defendant cites Baker v. State, Okl.Cr., 432 P.2d 935 (1967), and Ervin v. State, Okl.Cr., 351 P.2d 401 (1960).

In the Ervin case, this Court criticized the reciting of facts set out in the information of former convictions against the defendant; in the Baker case, which facts are more similar to those of the instant case and in which the sentence was modified, this Court clearly stated that the information for a previous conviction *should not* be introduced for consideration by the jury, as proof of former convictions. The fourth paragraph of the editor's Syllabus to the Baker case, supra, provides:

"Information should not be part of proof of former convictions, for it does not prove them, but serves only to present to jury prohibited detailed evidence of crimes."

While it does not specifically appear that the jury was sufficiently prejudiced as to cause an excessive sentence, by the introduction of the informations, the possibility thereof exists. The only aspect missing is the extent to which such prejudice might have existed. Therefore, consistent with Baker v. State, supra, we are of the opinion—for the reasons stated—that the sentence imposed on defendant in this case should be modified. This is true notwithstanding the fact that the defendant admitted his former convictions from the witness stand. We see little necessity for the introduction into evidence the informations of other convictions that alleged facts—which may, or may not, have been proven—to sustain the former convictions. It is well established that the former judgment and sentence, coupled with proper identification of the documents and the defendant is sufficient to meet the requirements.

However, we feel compelled to add, that much of what transpired during this trial was forced by defendant's trial counsel. When one reads the record of this trial, the only conclusion which can be reached is that the trial judge exercised unusual restraint throughout the entire proceedings. As hereinbefore stated, the trial judge was most justified in interrogating the defendant as he did; and, had he failed to do so, he would have been derelict in his duty. Under the circumstances which existed, the trial judge is to be commended for the manner in which he conducted defendant's trial.

For the reasons stated, we are of the opinion in order to be consistent with the action taken in Baker v. State, supra, that the sentence imposed upon the defendant herein, Riley Mitchell Jones, on the 17th day of March, 1967, in Tulsa County District Court case number, 22,329, should be, and is hereby modified from six years to two and one half years imprisonment, and as modified the judgment and sentence is affirmed. Judgment and sentence, as modified, affirmed.

BUSSEY and NIX, JJ., concur.