James Sherman BUNN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–789.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1977.

Rehearing Denied April 6, 1977.

William C. Majors, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Alan Foster, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, James Sherman Bunn, hereinafter referred to as defendant, was charged, tried and convicted in the Oklahoma County District Court, Case No. CRF–74–4387, for the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, second and subsequent offense, in violation of 47 O.S.1971, § 11–902. Trial was had to a jury and punishment was fixed at two and one-half (2½) years' imprisonment in the State penitentiary, and a fine of Five Hundred ($500.00)

Dollars. From this judgment and sentence defendant has perfected his timely appeal.

The State's case consisted of the testimony of the arresting officer. Patrol Officer B. W. Wood of the Oklahoma City Police Department testified that at approximately 7:00 p. m. on December 20, 1974, he was traveling west on S.W. 29th Street in Oklahoma City in the 2900 block in a marked police vehicle and observed a white and blue 1964 Oldsmobile traveling west in the 3000 block of S.W. 29th Street. Officer Wood further testified that he observed the vehicle weaving back and forth in the inside lane and that the vehicle hit the curb of the median. Wood further testified that as he turned on his red lights the vehicle hit the curb a second time. The vehicle traveled another two blocks before pulling off the road into a motel parking lot. Upon contacting the vehicle driven by the defendant, the officer asked the defendant to step from his vehicle. The defendant, upon request of the officer, was unable to produce a valid State operator's license. The officer testified that the defendant "wobbled" while standing, that he had difficulty pronouncing his words, and that he had a strong odor of alcohol about his person. Officer Wood determined in speaking with the defendant that the defendant had been drinking and had not eaten since 9:30 a. m. The officer testified that based upon the erratic driving, the odor of alcohol, wobbly stance, and his experience in dealing with intoxicated persons in the past, he concluded that the defendant was under the influence of an intoxicant, and placed the defendant under arrest for driving under the influence.

The defendant testified in his own behalf and controverted some of the testimony of the officer. The defendant testified that he had only hit the median curb once, not twice. The defendant stated that the reason for this was that the front end of the vehicle which he was driving had been damaged, and the light shone improperly. Defendant conceded on the stand having been drinking but stated that the wobbly stance was due not to intoxication but to injuries which the defendant had sustained at some prior time. The defendant also stated that he was not taken directly to the police department by Officer Wood, but that the officer stopped twice to assist other officers with other calls.

Defendant's witness, who was riding in the vehicle with defendant at the time of the arrest, corroborated defendant's testimony as to the damage to the vehicle and corroborated the statement of defendant in which he testified that he had only hit the median one time. In addition, defendant's witness also stated that she had not observed defendant weaving or operating the vehicle in an improper manner. Defendant's witness further testified that she had not witnessed the contact between defendant and the officer by reason of the fact that she remained in the vehicle during the contact.

■ Defendant's first assignment of error deals with the prosecutor's questioning of defendant on cross-examination concerning defendant's prior criminal convictions. Defendant urges that his constitutional right to a fair trial was denied him and the jury prejudiced against him when the trial court permitted the prosecution, over defendant's timely objection, to question defendant on cross-examination concerning three prior driving under the influence convictions. This argument is without merit. We held in *Gillum v. State,* Okl.Cr., 301 P.2d 698, 700 (1956):

"It is generally held that a defendant who presents himself as a witness becomes subject to the same rule as any other witness, and may be questioned as to former convictions. That is to say, as a defendant his character cannot be attacked by the State, but as a witness he puts his credibility at issue like any other witness."

Defendant argues that driving under the influence is not a crime involving moral turpitude and, therefore, should not have been used to impeach the defendant's credibility by placing his moral character in doubt. However, in *Starns v. State,* Okl.

Cr., 297 P.2d 421 (1956), in the second paragraph of the Syllabus, we ruled that:

"A witness may be asked, for the purpose of affecting his credibility, if he has been convicted of a crime which involves want of moral character. Drunk driving would be such an offense."

This Court notes in passing that the trial court considered whether or not the crime of driving under the influence is a crime which involves moral turpitude. We have so held in the past and here restate our opinion that driving under the influence shows a want of moral character. This opinion is predicated upon the fact that such an activity is inherently dangerous to the public in general and such a crime shows a lack of personal integrity and a lack of concern for and respect of the person of others and their property.

■ Defendant also presses upon us the contention that the prosecutor's remarks amounted to an "evidentiary harpoon" which requires reversal. However, in the instant case the defendant took the stand and placed his credibility at issue. The evidence complained of was limited to the credibility issue and was not improper as such. Defendant urges that it was an "evidentiary harpoon" because it should not have been introduced in the first stage of the trial. But being used not as affirmative evidence, but rather for impeachment purposes, the evidence here does not come within the rule stated in *Jett v. State,* Okl. Cr., 525 P.2d 1247 (1974), upon which defendant relies.

Defendant's second assignment of error is that the evidence is insufficient to sustain the verdict and the trial court erred in overruling defendant's demurrer to the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence

and determine the facts. See, *Jones v. State,* Okl.Cr., 468 P.2d 805 (1970).

■ Defendant asserts thirdly that the trial court's refusal to give certain requested instructions was error requiring reversal. However, we note, as did the trial court, that defendant's requested instructions are covered in the court's instruction number 7. Both correctly state the law and neither is misleading or confusing. Therefore, we hold that the court's ruling on this matter was not error. See, *Buchanan v. State,* Okl.Cr., 512 P.2d 1382 (1973).

■ As his last assignment of error, defendant contends that two remarks of the prosecutor during his closing argument were inflammatory and prejudiced defendant's right to a fair trial. The first remark is a comment on defendant's three prior driving under the influence convictions. The three prior convictions had been properly a part of the trial record and the prosecutor properly advised the jury that the reasons for mentioning them and the scope of the jury's consideration of them was simply the credibility of the witness. The other remark complained of is a comment by the prosecutor that ". . . the defendant is attempting to play with the law." Taken in context with the thrust of the closing argument, the remark merely importunes the jury to realize a possible inference from the testimony offered. We also notice after a review of the record that the defense neither objected to the remarks nor requested that the trial court admonish the jury to disregard them. We have held that these assignments of error cannot be raised for the first time on appeal. See, *McCall v. State,* Okl.Cr., 539 P.2d 418 (1975). Therefore, we find this assignment of error to be without merit.

For all the above and foregoing reasons the judgment and sentence is, accordingly, *AFFIRMED.*

BLISS, J., concurs.

BRETT, J., dissents.